# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0904V
UNPUBLISHED

| | |
|---|---|
| RUSSELL RAMSEY,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: June 6, 2023<br><br>Special Processing Unit (SPU);<br>Attorney's Fees and Costs;<br>Reasonable Basis; Influenza (Flu)<br>Vaccine; Shoulder Injury Related to<br>Vaccine Administration (SIRVA) |

*Leigh Finfer, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*James Vincent Lopez, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On July 24, 2020, Russell Ramsey filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a left shoulder injury related to vaccine administration, a defined Table Injury, due to the tetanus, diphtheria, acellular pertussis ("Tdap") vaccine he received on March 10, 2019. Petition at 1, ¶¶ 2, 10.

After determining that Petitioner had failed to provide sufficient evidence to support his claim, I allowed him the opportunity to correct the noted deficiencies or to otherwise show cause why his claim should not be dismissed. ECF No. 27. In response, Petitioner filed a signed declaration[3] from a co-worker. Exhibit 19, filed Sept. 26, 2022, ECF No. 30.

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all Section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

[3] Although not an affidavit, the declaration is signed under penalty of perjury as required pursuant to 28 U.S.C.A. § 1746.

On October 12, 2022, I issued a Decision dismissing Petitioner's claim. ECF No. 32. Judgment entered on October 19, 2022. ECF No. 34.

On February 7, 2023, Petitioner filed a motion seeking a total of $14,426.55 in attorney's fees and costs. Petitioner's Application for Attorneys' Fees, ECF No. 37. In accordance with General Order No. 9, Petitioner's counsel represents that Petitioner's incurred no out-of-pocket expenses. *Id.* at ¶ 4.

Respondent does not oppose Petitioner's motion. Respondent's Response to Motion, filed February 8, 2023, ECF No. 38. Specifically, he indicated that he believes "the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. On February 9, 2023, Petitioner's counsel indicated by email correspondence that Petitioner did not intend to file a reply. *See* Informal Remark, dated Feb. 9, 2023.

For the reasons discussed below, I find there was a reasonable basis for Petitioner's claim, and he is otherwise entitled to a fees award despite the dismissal of his claim. And I have reviewed the submitted billing records and find no reduction in the amount of fees to be awarded is needed.

**I.      Reasonable Basis**

**A.      Legal Standard**

Motivated by a desire to ensure that petitioners have adequate assistance from counsel when pursuing their claims, Congress determined that attorneys' fees and costs may be awarded even in unsuccessful claims. H.R. REP. NO. 99-908, at 22 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6363; *see also Sebelius v. Cloer*, 133 S.Ct. 1886, 1895 (2013) (discussing this goal when determining that attorneys' fees and costs may be awarded even when the petition was untimely filed). As Judge Lettow noted in *Davis*, "the Vaccine Program employs a liberal fee-shifting scheme." *Davis v. Sec'y of Health & Hum. Servs.*, 105 Fed. Cl. 627, 634 (2012). It may be the only federal fee-shifting statute that permits unsuccessful litigants to recover fees and costs.

However, Congress did not intend that *every* losing petition be automatically entitled to attorney's fees. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994). And there is also a prerequisite to even obtaining fees in an unsuccessful case. The special master or court may award attorney's fees and costs in a case in which compensation was not awarded only if "that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). Reasonable basis is a prerequisite to a fee award for unsuccessful cases – but establishing it does not automatically *require* an award, as special masters are still

empowered by the Act to deny or limit fees. *James-Cornelius on behalf of E. J. v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1379 (Fed. Cir. 2021) ("even when these two requirements are satisfied, a special master retains discretion to grant or deny attorneys' fees").

As the Federal Circuit explained, whether a discretionary fees award is appropriate involves two distinct inquiries – a subjective one when assessing whether the petition was brought in good faith and an objective one when ascertaining whether reasonable basis existed. *Simmons v. Sec'y of Health & Hum. Servs.,* 875 F.3d 632, 635 (quoting *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 289 (2014)). "Good faith is a subjective test, satisfied through subjective evidence." *Cottingham v. Sec'y of Health & Hum. Servs.,* 971 F.3d 1337, 1344 (Fed. Cir. 2020) ("*Cottingham I*")*.* "[T]he 'good faith' requirement . . . focuses upon whether petitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-0544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).

Cases in which good faith has been found to be lacking often involve petitioners who failed to produce or actively concealed evidence undermining their claims. *Purnell-Reid v. Sec'y of Health & Hum. Servs.,* No. 18-1101V, 2020 WL 2203712 (Fed. Cl. Spec. Mstr. Apr. 6, 2020); *Crowding v. Sec'y of Health & Hum. Servs.,* No. 16-0876V, 2019 WL 1332797 (Fed. Cl. Spec. Mstr. Feb. 26, 2019); *Heath v. Sec'y of Health & Hum. Servs.*, No. 08-0086V, 2011 WL 4433646 (Fed. Cl. Spec. Mstr. Aug. 25, 2011); *Carter v. Sec'y of Health & Hum. Servs.*, No. 90-3659V, 1996 WL 402033 (Fed. Cl. Spec. Mstr. July 3, 1996).

"Additionally, a petitioner's attorney's conduct may also be relevant when evaluating good faith." *Purnell-Reid*, 2020 WL 2203712, at *6. "Counsel still have a duty to investigate a Program claim even if they reasonably find their client to be a credible individual." *Cortez v. Sec'y of Health & Hum. Servs*., No. 09-0176V, 2014 WL 1604002, at *8 (Fed. Cl. Spec. Mstr. Mar. 26, 2014). Factors, such as a looming statute of limitations and the conduct of counsel, are properly considered when determining whether good faith exists – but *do not bear* on the claim's objective basis. *Simmons,* 875 F.3d at 636; *Amankwaa v. Sec'y of Health & Hum. Servs*., 138 Fed. Cl. 282, 289 (2018) ("the effort that an attorney makes to investigate a claim or to ensure that a claim is asserted before the expiration of the statutory limitations period . . . are properly evaluated in determining whether a petition was brought in good faith").

"Reasonable basis, on the other hand, is an objective test, satisfied through objective evidence." *Cottingham I,* 971 F.3d at 1344. The reasonable basis requirement examines "not at the likelihood of success [of a claim] but more to the feasibility of the claim." *Turner*, 2007 WL 4410030, at *6 (quoting *Di Roma v. Sec'y of Health & Hum.*

3

*Servs.,* No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). The Federal Circuit recently explained "that a reasonable basis analysis is limited to objective evidence, and that subjective considerations, such as counsel's subjective views on the adequacy of a complaint, do not factor into a reasonable basis determination." *James-Cornelius*, 984 F.3d at 1379.

Although clearly easier to meet than the preponderant standard required for compensation, "courts have struggled with the nature and quantum of evidence necessary to establish a reasonable basis." *Wirtshafter v. Sec'y of Health & Hum. Servs.,* 155 Fed. Cl. 665, 671 (Fed. Cl. 2021). "[I]t is generally accepted that 'a petitioner must furnish *some evidence* in support of the claim.'" *Id.* (quoting *Chuisano,* 116 Fed. Cl. at 288, emphasis added in *Wirtshafter*). Citing the *prima facie* elements of a successful claim described in Section 11(c)(1), the Federal Circuit recently instructed that the level of the objective evidence sufficient for a special master to find reasonable basis should be "more than a mere scintilla but less than a preponderance of proof." *Cottingham I*, 971 F.3d at 1345-46. "This formulation does not appear to define reasonable basis so much as set its outer bounds." *Cottingham v. Sec'y of Health & Hum. Servs.,* 159 Fed. Cl. 328, 333, (Fed. Cl. 2022) (*"Cottingham II"*). "[T]he Federal Circuit's statement that a special master 'could' find reasonable basis based upon more than a mere scintilla does not mandate such a finding." *Cottingham II*, 159 Fed. Cl. at 333 (citing *Cottingham I*, 971 F.3d at 1346).

Furthermore, the issue of reasonable basis is not a static inquiry. The reasonable basis which existed when a claim was filed may cease to exist as further evidence is presented. *Perreira*, 33 F.3d at 1377. In *Perreira,* the Federal Circuit affirmed a special master's determination that reasonable basis was lost after Petitioner's "expert opinion, which formed the basis of the claim, was found to be unsupported by either medical literature or studies." *Id.* at 1376.

### B.    Existence of Reasonable Basis

I previously determined that Petitioner failed to provide preponderant evidence to support his allegation of a left shoulder injury after receiving a Tdap vaccine on March 10, 2019. *Ramsey v. Sec'y of Health & Hum. Servs.,* No. 20-0904V, 2022 WL 17821368 (Fed. Cl. Spec. Mstr. Oct. 12, 2022) (also found at ECF No. 32). While working as a bull rider when younger, Petitioner experienced a significant left shoulder injury which required multiple surgeries. *E.g.,* Exhibit 3 at 31. And, prior to receiving the Tdap vaccine on March 10th, Petitioner suffered a workplace injury while operating a motorized pallet jack. *Id.* at 68. The record contains evidence indicating Petitioner injured his left shoulder, as well as his left foot, during this accident. *Id.* at 24 (first independent medical examination ("IME"); Exhibit 4 at 74 (Petitioner recalling that his left should snapped back during the accident).

However, Petitioner provided evidence establishing he received the Tdap vaccine on March 10, 2019, as alleged, and suffered symptoms which *could* be attributed to this vaccination. And the contemporaneously created medical records show Petitioner initially attributed his left shoulder pain solely to the Tdap vaccine he received. Exhibit 3 at 59, 52 (in chronological order). Additionally, the physician performing Petitioner's second IME opined Petitioner's left shoulder pain was not due to his March 10th workplace accident. Exhibit 4 at 74.

Although not sufficient for entitlement, I find the minimal evidence Petitioner provided prior to dismissal constitutes the level of proof required to establish reasonable basis – a standard far lower than the preponderance of evidence standard needed to meet the Vaccine Act's requirements for compensation. I thus find that Petitioner had a reasonable basis to file his petition in this case which continued until I dismissed his claim. And there is no other basis for a denial of fees, despite the claim's lack of success. Therefore, the only remaining question is the appropriate amount of the attorney's fees and costs to be awarded.

## II.     Appropriate Amount to be Awarded

### A.     Legal Standard

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

### B.     Attorney's Fees and Costs

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates. Petitioner billed a reasonable amount of time using hourly rates previously

approved for all attorneys and paralegals performing this work. Motion at 1-3, 5-13. She provided supporting documentation for all claimed costs, except for $7.82 in postage costs which I will allow. *Id.* at 15-24. And Respondent offered no specific objection to the rates or amounts sought. Opp. at 3, 3 n.2.

## Conclusion

I have determined that an award of reasonable attorney's fees and costs is appropriate in this case even though compensation was not awarded. Section 15(e)(1). Additionally, no reduction in the amount of attorney's fees and costs is warranted. Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs and award a total of **$14,426.55** (representing $13,785.50 in fees and $641.05 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel.

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.